J-A02044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAROD TYRELL THORNHILL | : | |
| | : | |
| Appellant | : | No. 1829 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 26, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003463-2015

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: APRIL 22, 2021**

Tarod Tyrell Thornhill appeals the judgment of sentence following his convictions for three counts of Aggravated Assault; one count each of Firearms Not to be Carried Without a License and Possession of Firearm by Minor; and four counts of Recklessly Endangering Another Person ("REAP").[1] He challenges the discretionary aspects of his sentence. We affirm.

The charges arose from an incident in which Thornhill went into Monroeville Mall in February 2015 and began shooting inside a Macy's department store. Thornhill was targeting one male whom he shot three times. In the process, he also shot a man and a woman who were there with their minor child. The three victims survived their injuries. Thornhill was 17 years old at the time.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 6106, 6110.1, and 2705, respectively.

Following a bench trial, the trial court found Thornhill guilty of the above-referenced offenses. At sentencing, the court heard testimony from Thornhill's parents and from the female victim. It also stated that it had reviewed a pre-sentence investigation report ("PSI"), which contained reports from two psychiatrists who had performed mental health evaluations on Thornhill. The evaluations noted Thornhill's history of psychiatric issues such as chronic adjustment disorder with mixed disturbance of emotional conduct and chronic post-traumatic stress disorder. The court said that given Thornhill's mental health history, there was "no doubt in my mind . . . that he is in need of treatment," and it was "not going to overlook the treatment concept." *See* N.T., Sentencing, 1/26/17, at 17.

The trial court sentenced Thornhill to 90 to 180 months' incarceration for one count of aggravated assault, followed by a consecutive term of 90 to 180 months' incarceration for the second aggravated assault conviction. For the third count of aggravated assault, the court imposed a concurrent term of 60 to 120 months' incarceration, and for the four REAP convictions, it imposed concurrent terms of one to two years' incarceration. It imposed no further penalty for the firearm offenses. Thus, it imposed an aggregate sentence of 15 to 30 years in prison.

After obtaining leave to file post-sentence motions and an appeal *nunc pro tunc*,[2] Thornhill filed a Motion to Reconsider Sentence arguing that the trial court "failed to perceive [the] clear circumstances involved with the case, including the facts and [Thornhill's] mental health, demonstrat[ing] that a guideline sentence with consecutive penalties was unreasonable." ***See*** Motion to Reconsider Sentence, filed 11/22/19. The trial court denied the motion and this timely appeal followed.

Thornhill raises one issue: "Did the Sentencing Court abuse its discretion by sentencing Mr. Thornhill to fifteen to thirty years of incarceration, despite the presentation of substantial mitigating evidence, including the defendant's age, mental health, and rehabilitative needs, which indicate the imposed sentence was unreasonable?" Thornhill's Br. at 3.

Thornhill's issue on appeal is a challenge to the discretionary aspects of his sentence, and there is no automatic right to appellate review of such a challenge. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa.Super. 2010). Rather, we must first determine whether: 1) the appeal is timely; 2) the appellant properly preserved the issue below; 3) the appellant's brief contains a Pa.R.A.P. 2119(f) statement; and 4) the Rule 2119(f) statement raises a substantial question as to whether the sentence is appropriate under

---

[2] ***See*** Order of Court, filed 11/13/19 (granting Post Conviction Relief Act petition, allowing Thornhill to file a motion to reconsider sentence within 14 days, and reinstating appellate rights).

the Sentencing Code. ***See Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010).

Thornhill has satisfied all four parts of this test. His appeal is timely, he preserved the issue in his motion to reconsider sentence, and his brief contains a Rule 2119(f) statement. Thornhill has also raised a substantial question, in that he argues that the trial court "failed to consider Mr. Thornhill's mental health diagnoses and his rehabilitative needs." Thornhill's Br. at 11; ***see Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa.Super. 2003) ("Appellant's claim that the court erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question"). He also maintains that the sentence "only reflects the seriousness of the crime." Thornhill's Br. at 11, 12; ***see Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa.Super. 2009) (concluding substantial question raised for claim that court imposed sentence based solely on seriousness of offense).

We review challenges to discretionary aspects of sentence for abuse of discretion. ***Commonwealth v. Blount***, 207 A.3d 925, 934 (Pa.Super. 2019). An abuse of discretion occurs where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** at 934-35 (citation omitted).

The trial court has discretion to impose consecutive or concurrent sentences. ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa.Super. 2014)

(citation omitted). Nonetheless, an aggregate sentence composed of consecutive sentences may be excessive, when viewed in light of the criminal conduct at issue in the case. *See Mastromarino*, 2 A.3d at 587. When imposing sentence, the trial court must "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014) (citation omitted). Furthermore, "[w]here pre-sentence reports exist, [this Court] shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* at 761 (citation omitted).

Thornhill contends that although the court at sentencing mentioned his mental health diagnoses, his young age, and his rehabilitative needs, it failed to give meaningful consideration to his youth and mental health issues when it fashioned its sentence. He notes that "the [c]ourt briefly mentioned [Thornhill's] youthful age, mental health, and need for rehabilitation at sentencing," but that the sentence it imposed clearly shows that it did not adequately consider those factors. Thornhill's Br. at 18. He also argues that the "sentence appears to be solely based on the gravity of the offense in relation to the impact on the victim and the community." *Id.* at 19.

Prior to sentencing Thornhill, the trial court was aware of Thornhill's juvenile age at the time of the shooting. *See* N.T., Sentencing, at 27. It also heard from Thornhill's parents, who acknowledged their son's mental health

- 5 -

issues. Thornhill's father expressed that he believed the shooting would have never occurred had Thornhill taken his mental health medication that day. *See id.* at 5, 7, and 11. The court made note of the PSI and two reports from two doctors commenting on Thornhill's mental health. *Id.* at 3. Thornhill also testified, expressing his remorse, and apologizing to the victims. *Id.* at 24. Upon review of all this information, the trial court stated that the sentence imposed factored in the need to address Thornhill's mental health issues, stating, "There is no doubt in my mind, based on the evidence presented, that [Thornhill] is in need of treatment." *Id.* at 17.

It then stated it had considered all the information before it and explained the overarching concerns that criminal sentencing is intended to address:

> In any event, I have reviewed all the materials that been presented in Court, and I understand that sentencing functions all play a part here.
>
> One, of course, is rehabilitation. I don't know whether you can be or will be or will choose to be rehabilitated, but we haven't changed the matrix in our state correctional institutions to provide for that, particularly for youthful offenders. So you need to take advantage of those kinds of programs that are available to you.
>
> Punishment, of course, is one of those issues that we deal with when we deal with very serious crimes.
>
> Incapacitation is another, meaning to ensure that [Thornhill] will not commit another crime. I don't have a crystal ball that would tell me whether or he would or would not, but the odds are that once out of the youthful environment, a youthful criminal environment, a person tends to fair rather well in that concept of rehabilitation; therefore, it is not necessarily incapacitated.

There's one more little aspect here that I think is of significance. That's what we call deterrence.

I never really believed that deterrence actually works, other than to deter the person who was convicted of a crime. But deterrence sometimes is there to set an example. To send a message. We, as a society, need to know that our shopping malls, our schools, our places of worship, our theaters, all public gathering places, are safe havens. Places where these kinds of events cannot occur. That also is a consideration of sentencing.

*Id.* at 26-28.

The trial court did not abuse its discretion in imposing consecutive sentences. It considered all the factors Thornhill now cites, and it did so in a thoughtful way. While it may not have given them the weight Thornhill contends it ought to have, that does not make the sentence excessive. **See Macias**, 968 A.2d at 778 (affirming trial court's choice "not to give the mitigating factors as much weight as Appellant would have liked and decided that the facts did not warrant imposition of a sentence lower than the standard range"). Rather, it acted within its discretion in weighing the information before it at sentencing, determining the sentences for individual convictions, and requiring Thornhill to serve some of the sentences consecutively. We accordingly affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/22/2021